BANK OF TARBORO v. GEORGE A. HOLDERNESS ET ALS.

(Filed 11 December, 1912.)

1. **Banks — Assets — Trusts and Trustees—Pooling Shares—Illegal Combination—Costs and Expenses.**

The assets of a bank are a trust fund, primarily for its creditors and secondarily for its stockholders, and where the officers and directors thereof have entered into an illegal pooling of the stock to secure control of the bank, and money has been expended in the drafting of the illegal agreement and in an endeavor to maintain it in the courts, the bank being a mere nominal party to the action and not a party to the contract, it is unlawful for the directors and officers to charge up this expense to the bank, for it is their individual liability.

2. **Same—Shareholders—Right of Action.**

When the officers and some of the stockholders of a bank have incurred court costs and other expenses in their effort to maintain an illegal agreement to pool their stock to secure control of

its management, which they have caused the bank to pay, an action will lie in behalf of a stockholder· to compel the officers and stockholders participating in the illegal agreement to repay the money of the bank thus wrongfully used. In this case the question of *ultra vires* does not arise.

BROWN, J., dissenting.

APPEAL by defendants from *Carter, J.,* during the Fall Term, 1912, of EDGECOMBE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*John L. Bridgers for plaintiff.*
*L. V. Bassett and Bunn & Spruill for defendants.*

CLARK, C. J.   The defendants were parties to a pooling contract or "voting-trust" agreement to secure to themselves for the period of fifteen years the management and control of the plaintiff bank. The defendants were respectively the president, vice president, and cashier of the bank. One of the minority stockholders, who did not join in the agreement to pool the stock, brought an action to determine the legality thereof, contending that it was illegal and void. This Court upheld that contention. *Bridgers v. Bank,* 152 N. C., 293. The defendants, out of the funds of the bank, paid the expenses of the preparation and drafting of said pooling agreement and of defending the action in which it was held illegal. This action is brought by the bank to recover the sums thus expended, on the ground that this disbursement of its funds was unauthorized and that the defendants should have paid such expenses personally. The court below sustained this contention, and the defendants appealed.

The bank was not a party to the contract and agreement, and took no part in the making or execution of the contract. The question of *ultra vires,* therefore, does not arise. The bank was merely a formal party in the action to declare the voting trust illegal.

The defense set up, that these defendants acted in good faith, is not germane to this question, which is merely as to their legal right to use the funds of the bank for this purpose. Certain officers and stockholders of the bank made an agreement among

themselves to pool the stock, which agreement was in violation of both the State and Federal statutes. *Bank v. Bridgers, supra.* The bank was not concerned in that agreement, and did not authorize it. The cost of making it and the expenditure made in the effort to maintain the legality of the "voting trust" cannot be assessed against the bank. Its assets are a trust fund, primarily for its creditors and secondarily for its stockholders. This fund could not be diverted to the payment of the expenses of an agreement among the stockholders, even if such agreement had been valid and signed by all the stockholders. *A fortiori,* such expenses are not a valid charge against the bank when the agreement is invalid and was signed by only a portion of the stockholders.

These defendants should have paid all the attendant expenses out of their own funds. In taking the money of the bank for that purpose they acted without legal authority. The judgment directing repayment to the bank of its money thus wrongfully expended by them must be

Affirmed.

BROWN, J., dissents.